IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES AVIATION UNDERWRITERS, INC.;
COMPASS FOODS, INC.; JET AVIATION, INC.                               PLAINTIFFS

v.                          No. 4:03CV00994 GH

DASSAULT AVIATION; SOCIETE NATIONALE D'ETUDES
AT DE CONSTRUCTION DE MONTEURS D'AVIATION;
DASSAULT FALCON JET CORPORATION; AND DOES 1-300       DEFENDANTS

**ORDER**

Plaintiffs filed suit arising out of damages to the subject airplane caused by a crash while trying to land in Pinedale, Wyoming. They raise claims for strict product liability and negligence. Plaintiffs assert subject matter jurisdiction against Dassault Aviation (and Does 1-100) and SNECMA (and Does 101-200) under the Foreign Sovereign Immunities Act ("FSIA") and/or diversity of citizenship, and/or supplemental jurisdiction and against Falcon Jet (and Does 201-300) under diversity and/or supplemental jurisdiction. Venue is alleged as defendants are subject to personal jurisdiction in this District and a substantial part of the events or omissions giving rise to the claims occurred here.

On May 17, 2004, SNECMA filed a motion to dismiss contending a lack of subject matter jurisdiction;[1] that the damages, even if proven, are unrecoverable pursuant to the "Economic Loss

---

[1] SNECMA withdrew its subject matter defense by notice filed on June 9, 2004.

Doctrine;" and the action should be dismissed or transferred based upon improper venue. The motion is supported by brief and exhibits.[2]

SNECMA contends that Arkansas law should not apply to this action. It argues that the law of either New Jersey or Wyoming should apply and, in either situation, plaintiffs' alleged damages would be unrecoverable pursuant to the Economic Loss Doctrine. SNECMA further asserts that the Eastern District of Arkansas is not a proper venue and so the case should be dismissed or transferred to either New Jersey or Wyoming. It states that the only connection to Arkansas is that it is the place of business for Dassault Falcon jet and presumably the place where the aircraft was delivered to plaintiffs while the aircraft was manufactured in France, and the accident took place in Wyoming so New Jersey is the state where plaintiffs are residents, the Purchase Agreement was performed and executed and the forum designated by the choice of law clause in the Purchase Agreement and the action accrued in Wyoming where the accident occurred.

On May 19th, Dassault Aviation and Falcon Jet filed a motion to resolve the subject matter jurisdiction before addressing the other issues. They filed a motion, supported by brief and affidavit, to dismiss for lack of subject matter jurisdiction on June 4, 2004, agreeing with SNECMA's argument, asserting that diversity jurisdiction is lacking because Compass Foods and Falcon Jet are both incorporated in Delaware, and arguing that Dassault Aviation does not satisfy the definition of an agency or instrumentality of a foreign state under the FSIA.

As noted earlier, SNECMA filed notice on June 9th of the withdrawal of its subject matter defense and it also filed a motion to stay all discovery pending resolution of the motion to dismiss.

---

[2]The declaration of Alain Bosser was filed on May 20th to supplement the faxed copy attached to the motion.

Dassault Aviation and Falcon Jet responded on June 24th that the stay should be until the issues of venue and personal jurisdiction are resolved since if the Court finds that venue is not proper in this District, then it will not have to resolve any of the other issues. A joint motion was filed by all parties on July 12th to stay the initial scheduling order.

On July 20th, Dassault Aviation and Falcon Jet filed a motion to dismiss for lack of personal jurisdiction as Dassault Aviation is not a foreign state as it is not an organ of a foreign state and a majority of its shares are not owned by a foreign state or political subdivision thereof.

They also filed a separate motion, supported by brief and exhibits, that same date to dismiss for lack of venue since no substantial events or omissions occurred in this District as neither the accident (Wyoming) nor the alleged tortious acts or omissions (France) occurred here. Turning to the alleged Arkansas contacts, these defendants asserts that some are incorrect, but even if true would still not support venue here. They contend that the sale of the subject aircraft was sold by Dassault Aviation to Falcon Jet in France, but the place of sale is irrelevant as the action does not arise out of the sale from Dassault Aviation to Falcon Jet; that the aircraft was leased, delivered, and eventually sold to Compass Foods in New Jersey which was admitted in the earlier action filed in New Jersey and not Little Rock; and that there are several parties – both plaintiffs and defendants – which are complete strangers to the sales contract so the only judicial district where venue is proper is the District of Wyoming where the accident occurred.

Plaintiffs responded[3] to SNECMA's motion to dismiss on August 30th that venue is proper because the defective product was sold in Arkansas by an Arkansas company; their tort claims are not barred by the "economic loss rule" because the contractual remedies include the right to pursue

---

[3]They also moved for a hearing and oral argument on the motion to dismiss.

-3-

tort claims, and there is no conflict between the laws of Arkansas and New Jersey because the laws of both state would allow plaintiffs to pursue tort claims against these defendants. They rely on Anderson v. Dassault Aviation, 361 F.3d 449 (8th Cir. 2004), cert. denied 125 S.Ct. 606 (2004) that Dassault Aviation has such a "symbiotic relationship" with Falcon Jet so that Arkansas courts can properly exercise personal jurisdiction over that entity and here, the defective airplane was partly-manufactured and sold in Arkansas by an Arkansas entity so there is far more substantial connection here than in either Wyoming or New Jersey. Plaintiffs continue that all defendants reside in this district as they are subject to personal jurisdiction, a substantial part of the events giving rise to the claim occurred here, and Falcon Jet is "found" in this District. They add that subject matter jurisdiction as to SNECMA is based on FSIA while Falcon Jet is based on diversity of citizenship so that 28 U.S.C. §1391(b) applies.

Regarding economic loss, plaintiffs counter that even if New Jersey law applied, that doctrine does not bar their claims since the contract expressly provides that Compass can sue in tort and, even if there were a conflict, the law of Arkansas should be applied.

SNECMA filed a reply on September 29th that New Jersey law is clearly the appropriate choice of law as where Compass Foods, Jet Aviation, and Falcon Jet reside; place of employment of the pilot/witnesses; law chosen in the Dassault/Compass purchase agreement; documentation and witnesses as to economic losses presumably kept by plaintiffs; and the state of delivery of the aircraft to Compass while Wyoming is the place of the accident and local witnesses while Arkansas is the Falcon Jet facility where the aircraft may have been completed before acceptance by Falcon Jet but not Compass. They continue that the economic loss doctrine was well established in New Jersey jurisprudence at the time of the 1995 purchase of the aircraft between New Jersey parties and

Arkansas follows the minority view and would not be the choice of law utilizing the "Leflar analysis."

Turning to venue, SNECMA maintains that 28 U.S.C. §1391(f) is the exclusive venue statute because SNECMA is a foreign sovereign and so is neither "found" nor "resides" in a particular district and to apply plaintiffs' interpretation would create national venue. It argues that it is clear that Arkansas has no substantial contacts with this claim especially in light of the affidavit establishing delivery of the aircraft to Compass in New Jersey so that the only contact with Arkansas is Falcon Jet's Arkansas facility.

Dassault Aviation and Falcon Jet filed a response with exhibits to SNECMA's motion to dismiss on September 30th supporting in part the positions advanced there as to venue but arguing that the law of Wyoming would be applicable instead of New Jersey. They summarize the facts as to venue as Dassault Aviation designed and manufactured the Falcon 900; plaintiffs allege that the products were designed and manufactured in France; that the jet was sold to Falcon Jet in France; Falcon Jet used the aircraft as a demonstrator before leasing it to Compass Foods in New Jersey under the lease agreement; and Compass Foods subsequently exercised its option to purchase the aircraft and the closing on the sale took place in New Jersey and pointing to plaintiffs offering no evidence that the aircraft was ever in Arkansas, that Falcon Jet manufactured any aspect of this aircraft, or the assumed manufacturing activity has any relevance to the claims that the Messier-Bugatti braking system was defective so that no event or omission that gave rise to the suit occurred in this District with Wyoming being the only judicial district that satisfies the venue provision.

On October 13th, plaintiffs filed a brief with exhibits under seal in opposition to the Dassault defendants' motion to dismiss for lack of jurisdiction. They state that it is undisputed that the Court

has original subject matter jurisdiction over SNECMA under FSIA and so the Court has supplemental jurisdiction as the claims are related to the claims against SNECMA and also has original jurisdiction over Dassault Aviation under FSIA as there is a long, complicated and very close relationship between the French state and Dassault Aviation and based on diversity jurisdiction and also personal jurisdiction based on the long-arm statute and the relationship between Dassault Aviation and Falcon Jet. Plaintiffs note that while complete diversity of citizenship does not exist between Compass and Falcon Jet as corporate citizens of Delaware, the Court can still exercise supplemental jurisdiction or, in the alternative, they request to voluntarily dismiss those claims so they can be filed in state court.

That same date, they filed a separate brief in response to the Dassault defendants' motion to dismiss for improper venue. Plaintiffs point out that on one hand they argue there is no jurisdiction under FSIA while insisting that venue must be decided under the provision that applies only to claims brought under FSIA. They assert that if the Court does conclude that Dassault Aviation is an organ of the French state so jurisdiction exist under FSIA then venue is proper as a substantial part of the events or omissions giving rise to the claims occurred here and the Dassault defendants are doing business in this District. Plaintiffs continue that if the Court concludes that jurisdiction does not rest on FSIA then venue is proper because all defendants are deemed to reside here, because a substantial part of the events giving rise to the action occurred here, and Falcon Jet was found in the District. They contend that Wyoming is not a proper venue since it has no real connection except that the airplane was damaged when it tried to land there, but the situs of the crash was fortuitous. Plaintiffs insist that Arkansas has relevant and substantial links to both the parties and the issues such as the Dassault defendants having a close synergistic relationship; Dassault

Aviation's nexus with Arkansas going well beyond mere ownership of Falcon Jet stock; Falcon Jet operated Dassault Aviation's largest production facility here; Dassault Aviation benefits greatly from Falcon Jet's exclusive distribution and has a clear interest in its subsidiary's substantial operations here; the majority of jets sold by Dassault fly in and out of Arkansas to be completed to specifications of consumers; Dassault touts its significant presence in Arkansas so that the defective airplane was partly-manufactured and sold in Arkansas by an Arkansas entity. They state that the Dassault defendants conduct significant business in this district, employ hundreds of people and the contract was to be performed at least in part in Arkansas, and all defendants reside in this District as SNECMA has consented to subject matter jurisdiction so that the Court can also exercise personal jurisdiction. Plaintiffs finally argue that Arkansas is the only judicial district that may exercise personal jurisdiction over all defendants and even if a substantial part of the events did not occur here, Arkansas is still a proper venue because at least one of the defendants reside here.[4]

On October 29th, Dassault Aviation filed a reply as to its motion to dismiss for lack of personal jurisdiction that the complaint has asserted as the only basis for personal jurisdiction that it is an "organ" of the French State and the record shows that the decree of the French government issued on June 15, 2001 abolished any control by the French government over various aerospace companies including Dassault Aviation and as of December 16, 2003, when the complaint was filed, France's indirect interest in the company was approximately 7%. It continues that, as plaintiffs did not plead the Arkansas Long Arm Statute as a basis for jurisdiction in the complaint, they cannot rely on that provision and it would directly contradict theirs claims of subject matter and personal jurisdiction under the FSIA.

---

[4]They also filed a motion for a hearing and oral argument.

Dassault Aviation further points out that Falcon Jet is alleged in the complaint to be a Delaware corporation with its principal place of business in New Jersey; that plaintiffs are not suing on the warranty; plaintiffs have offered no evidence that the aircraft was manufactured or modified in any respect in Arkansas and have specifically alleged that the defective braking system – which was designed, manufactured, and installed on the aircraft in France – was the cause of the accident; and the uncontradicted evidence is that Falcon Jet first leased the aircraft to Compass Foods and, pursuant to the lease, delivered the aircraft to Compass Foods in New Jersey and then Compass Foods later exercised its option to purchase and the purchase was also consummated in New Jersey.

On October 29th, Dassault Aviation and Falcon Jet filed a reply on the issue of venue that as subject matter is based solely on FSIA so venue is governed exclusively by §1391(f). They again stress that the complaint alleges and Falcon Jet admits that it is a Delaware corporation with its principal place of business in New Jersey; plaintiffs are not suing on the warranty; plaintiffs have offered no evidence that the aircraft was manufactured or modified in any respect in Arkansas and have specifically alleged that the defective braking system – which was designed, manufactured, and installed on the aircraft in France – was the cause of the accident; the uncontradicted evidence is that Falcon Jet first leased the aircraft to Compass Foods and, pursuant to the lease, delivered the aircraft to Compass Foods in New Jersey and then Compass Foods later exercised its option to purchase and the purchase was also consummated in New Jersey; that no part of the lease or sales contract was performed in Arkansas and there is no evidence of how that unidentified aspect of contractual performance would have anything to do with the accident or the creation of the alleged defects in the braking system; and there is no evidence that either Dassault defendant has its base of operations in Little Rock as Dassault Aviation is a French company headquartered there, Falcon Jet is a

Delaware corporation with its principal place of business in New Jersey, and Dassault Aviation sold the aircraft to Falcon Jet in France which then leased and then sold the aircraft to Compass Foods in New Jersey.

They continue that once the allegations in the complaint as to proper venue are contradicted by defendants' affidavits, the Court can examine the facts outside the complaint to determine if venue is proper and here plaintiffs have not created factual conflicts because they have offered no evidence of their contentions. The Dassault defendants argue that the focus must be on the relevant activities of the defendant, the act or omission must be connected to the claim, and it is the location of the event or omissions giving rise to the claim.

Additionally, they state that plaintiffs are attempting to create a false issue as to whether the Court has subject matter jurisdiction which these defendants concede but based solely on the FSIA and SNECMA's status as an agency or instrumentality of a foreign state so venue is governed exclusively by §1391(f). The Dassault defendants assert that reliance on Anderson is misplaced since that opinion did not deal with venue much less §1391(f), the contacts and activities involved there were regarding personal jurisdiction, and plaintiffs cannot rely on the long-arm statute as they never plead that in the complaint. They continue that "contacts" with a forum do not establish venue since it must be events or omissions giving rise to the claim which the event here was the accident in Wyoming and the alleged omissions pertain to the alleged defects in the braking system designed, manufactured and installed in France and plaintiffs have never demonstrated that SNECMA has any contacts with this District under §1391(f)(1). Turning to §1391(f)(3), they state plaintiffs cannot meet their burden of proving that Dassault Aviation and SNECMA are doing business in this District

as Dassault Aviation is not an agency or instrumentality of a foreign state and there is no evidentiary support that SNECMA is doing business here.

As to §1391(b), the Dassault defendants state subject matter jurisdiction here rests solely on FSIA with SNECMA as an agency or instrumentality of a foreign state and so §1391(f) is the exclusive venue provision. They argue that venue is proper in Wyoming as the accident was a substantial event giving rise of the claim and venue issues are not decided on whether the defendants could be subject to personal jurisdiction in Wyoming.

Finally, the Dassault defendants filed a supplemental response to SNECMA's motion to dismiss on the proper choice of law. They attach the November 16th order by Judge Wright in Anderson on remand finding the correct choice of law was the accident site in Michigan.

Although plaintiffs have twice requested a hearing and oral argument on the pending motions, the Court is not persuaded that a hearing is necessary as the parties have extensively briefed the issues.

However, the Court agrees with defendants that the issue of venue should be taken up first as was done in the case of Shirobokova v. CSA Czech Airlines, Inc., 335 F.Supp.2d 989, 990-991 (D. Minn. 2004) which addressed the issue of venue in a case under the FSIA as follows:

> The Court will first address CSA's Motion for Change of Venue. CSA relies on the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §§ 1602-1611, to contend that a venue change is proper. "A primary purpose of the FSIA is to make it difficult for private litigants to bring foreign governments into court, thereby avoiding affronting them." USX Corp. v. Adriatic Ins. Co., 345 F.3d 190, 207 (3rd Cir. 2003). "Foreign states may invoke certain rights and immunities in litigation under the Foreign Sovereign Immunities Act." Dole Food Co. v. Patrickson, 538 U.S. 468, 470-71, 123 S.Ct. 1655, 1658, 155 L.Ed.2d 643 (2003).
>
> The FSIA provides a foreign state with special procedural treatment with regard to venue. USX, 345 F.3d at 207. Venue is addressed generally in 28 U.S.C. § 1391, and section 1391(f) in particular addresses venue as it relates to a "foreign state as defined in section

-10-

1603(a)."  The first question the Court must address is whether CSA meets this definition, which includes "an agency or instrumentality of a foreign state." 28 U.S.C. § 1603(a).

****

For purposes of the motion to transfer venue, the Court concludes that CSA is an organ of the Czech Republic, and therefore constitutes an "an agency or instrumentality of a foreign state" under 28 U.S.C. § 1603(a).  The Court thus concludes that CSA meets the definition of "foreign state" as employed by § 1391(f), and section 1391(f) is applicable to CSA.  That section provides that

[a] civil action against a foreign state as defined in section 1603(a) of this title may be brought -

> (1) in any judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; [or] ...
>
> (3) in any judicial district in which the agency or instrumentality is licensed to do business or is doing business, if the action is brought against an agency or instrumentality of a foreign state as defined in section 1603(b) of this title[.]

28 U.S.C. § 1391(f).

CSA contends that under section 1391(f)(1), because CSA flight 51 originated in New York, and terminated in Prague, it did not operate to, from or over Minnesota.  Further, pursuant to section 1391(f)(3), CSA next argues that it is not "doing business" in Minnesota.  According to CSA, general nationwide business and a code sharing relationship are insufficient to provide a venue under the "doing business" test.  CSA argues that it has no physical presence in Minnesota, and has no airline operations in the state.

The Court agrees.  Shirobokova has not pointed to any applicable caselaw that addresses code sharing or other business relationships under these circumstances. The Court concludes that CSA is only doing business in New York, and not in Minnesota.  The Court therefore concludes that section 1391(f) applies in this case.  Further, the Court concludes that New York would be a proper venue for Shirobokova's action against Delta.  See 28. U.S.C. § 1391(b)(2).  The Court concludes that this case should be transferred to the United States District Court for the Southern District of New York.  Because the Court grants CSA's motion to change of venue, it need not reach the defendants' motions to dismiss.

As SNECMA is clearly being sued under the subject matter jurisdiction under FSIA as a foreign agency or instrumentality, the Court finds that §1391(f) is the relevant venue provision – not

§1391(b) – and only (1) and (3) of (f) could be applicable. However, the exhibits including the July 16, 2004 declaration of Matthew Boyle clearly establish that no substantial part of the events or omissions giving rise to the claim occurred in this District. Moreover, there is simply no evidence that SNECMA is licensed to do business or is doing business in this District.

Accordingly, the portion of SNECMA's motion (#17) for transfer based upon improper venue and the portion of the Dassault defendants' motion (#37) to dismiss for lack of proper venue requesting a transfer are hereby granted. The Clerk is directed to transfer this matter to the United States District Court for Wyoming. All other issues raised in the remaining motions are denied without prejudice to renew in the Wyoming forum.

IT IS SO ORDERED this 28th day of September, 2005.

*George Howard, Jr*
UNITED STATES DISTRICT JUDGE