IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES AVIATION UNDERWRITERS, INC.;
COMPASS FOODS, INC.; JET AVIATION, INC.                                       PLAINTIFFS

v.                                        No. 4:03CV00994 GH

DASSAULT AVIATION; SOCIETE NATIONALE D'ETUDES
AT DE CONSTRUCTION DE MONTEURS D'AVIATION;
DASSAULT FALCON JET CORPORATION; AND DOES 1-300              DEFENDANTS

**ORDER**

By order filed on September 28th and entered on the docket on September 29th, the Court granted the defendants' request to transfer, due to improper venue, this matter and the Clerk was directed to transfer this matter to the United States District Court for Wyoming. The docket sheet reflects that the filed was mailed to the Clerk for the United States District Court for Wyoming on September 29th.

On October 3rd, plaintiffs filed an emergency motion for immediate stay of the September 28th transfer order to Wyoming and for an order directing the Clerk to "take every reasonable action possible in asking the District of [Wyoming] to return the files" here. They state that the mailing of the file the same date as the order was in violation of the Eighth Circuit's rule in In re Nine Mile Limited, 673 F.2d 242 (8th Cir. 1982) that all transfer orders be stayed for a "reasonable period of

-1-

time" so that a motion for reconsideration may be filed – a motion which they intend to file in this case based on "changed circumstances."[1]

Plaintiffs have correctly cited the case of Midwest Motor Exp., Inc. v. Central States Southeast, 70 F.3d 1014, 1016-1017 (8th Cir. 1995), from which the following excerpt explains:

> Second, Central States argues that this court does not have jurisdiction because the district court clerk mailed the court file to the Northern District of Illinois before the notice of appeal was filed. Our circuit takes the view that the physical receipt of the file in the transferee court is the event that signals the end of jurisdiction in the transferor court. In re Nine Mile Limited, 673 F.2d 242, 243-244 & n. 5 (8th Cir. 1982) (per curiam). Central States argues that, under Nine Mile, we never acquired jurisdiction because the notice of appeal was filed after the district court lost jurisdiction of the case. We note, however, that the physical transfer of the file was premature because it was sent in violation of Nine Mile's directive to district court clerks that they wait a reasonable period before transferring case files after a transfer order is entered, 673 F.2d at 244, and also appears to have been an inadvertence since the file was mailed in violation of that clerk's office's own policy of waiting ten days before mailing a file pursuant to a transfer.
>
> We question the applicability of Nine Mile when the clerk's physical transfer of the file was premature, mistaken, and was of no practical effect. The premature mailing in violation of Nine Mile's directive renders the transfer of questionable legal effect. Cf. Farrell v. Wyatt, 408 F.2d 662, 664 (2nd Cir. 1969) ("the question here is whether the district court had power to order the transfer; when that is the issue, we reject the argument ... that the clerk's physical transfer of the file destroyed our jurisdiction"). The mailing also appears to have been a simple mistake, and, frankly, it seems to us odd at best that the clerk's act of mistakenly putting a case file on a mail truck bound for Montana could divest a federal circuit court of appeals of jurisdiction. The rule that jurisdiction follows the file avoids the procedural and jurisdictional snarl that would likely ensue if two courts were simultaneously working on the same case. See 15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 3846 at 358 (2d ed. 1986) (exceptions to the rule in question "create possibilities of unseemly duplication of effort, and perhaps even inter-circuit conflict, if an appeal is going forward in one circuit while the papers are lodged in a district court in another"). We need not worry about any such conflict here because the Northern District of Illinois declined jurisdiction over the transferred file.
>
> The premature physical transfer of the file in this case was a violation of our directive in Nine Mile; the Illinois court recognized the mistake and declined jurisdiction. These two

---

[1] Although the motion states that it is an "ex parte" motion, the motion contains a certificate of service noting that notification would be sent to counsel for all parties.

facts separate our case from <u>Nine Mile</u>. To find under these circumstances that we do not have jurisdiction because the file was accidentally mailed to Illinois would elevate form over substance and serve only to delay the resolution of this appeal. We conclude that we have acquired jurisdiction.

The Clerk's office does indeed have a policy, as a result of <u>Nine Mile</u> and <u>Midwest Motor,</u> that provides " ... we are to delay the physical transfer of the case file to the receiving district for a period of thirty (30) days from the date of its entry on our docket. This gives the parties an opportunity to seek review of the transfer order in the transferring court." In light of the mistaken mailing of the file to Wyoming before the 30-day period had expired, the Court finds that plaintiffs are entitled to the requested relief which is consistent with the Eighth Circuit's procedure.

Accordingly, plaintiffs' October 3rd motion (#59) to stay the September 28th order is hereby granted. The Clerk is directed to take the necessary steps to ask that the file be returned to this District so that the file can then be maintained for the 30-day period and give the parties an opportunity to file a motion to reconsider.

IT IS SO ORDERED this 3rd day of October, 2005.

*George Howard Jr*
UNITED STATES DISTRICT JUDGE